# Court of Appeals
# of the State of Georgia

ATLANTA,  April 10, 2023

*The Court of Appeals hereby passes the following order:*

## A23D0277. GEGE ODION v. SHABTAY VARAN et al.

Gege Odion filed this application for discretionary appeal seeking to appeal a case he contends was affirmed by operation of law. We, however, lack jurisdiction.

This is Odion's seventeenth filing in this Court and his fifth related to the same underlying case, which began in 2006 as a dispute over a driveway easement. The trial court entered summary judgment in favor of the defendants in July 2014, and Odion appealed to this Court. We dismissed the appeal based on Odion's failure to file a timely notice of appeal. See Case No. A15A1447 (April 17, 2015).

Although the case was final, Odion continued to file motions in the trial court, including a motion to recuse the judge. The trial court dismissed the motions, and Odion filed both a discretionary application and a direct appeal from that order. We dismissed the application, informing Odion, among other things, that the issues he sought to raise were moot. See Case No. A17D0297 (March 16, 2017). In our order dismissing the direct appeal, we stated the well-settled principle that "the same issue cannot be relitigated ad infinitum. See Case No. A18A0540 (Nov. 8, 2017).

In December 2016, Odion filed a new action seeking, among other things, to quiet title to the driveway at issue in the 2006 case. The trial court found Odion's claims barred by res judicata and dismissed the case with prejudice. The trial court also issued an injunction and bill of peace barring Odion from any future filings of

any nature related to the driveway. Odion appealed this ruling, and we affirmed pursuant to Court of Appeals Rule 36. See A18A0541 (April 18, 2018).

Notwithstanding the injunction and bill of peace, Odion filed a motion to set aside the trial court's July 2014 order. The trial court did not rule on this pending motion. In March 2018, however, the trial court entered an order of voluntary recusal in the original case.

On March 24, 2023, Odion filed this application for discretionary appeal, attaching the trial court's March 2018 recusal order. According to Odion, the case stood automatically dismissed by law under OCGA § 9-2-60 (b) because no order has been entered in five years. Under that statute, "[a]ny action or other proceeding filed in any of the courts of this state in which no written order is taken for a period of five years shall automatically stand dismissed with costs to be taxed against the party plaintiff." The underlying case was not dismissed; it was resolved on the merits in July 2014 when the trial court granted summary judgment. OCGA § 9-2-60 (b) thus has no application here.

To be timely, a discretionary application must be filed within 30 days of the entry of the order, decision or judgment to be appealed. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). This statutory deadline is jurisdictional. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). The order attached to this application was filed in March 2018; over five years before the filing of this application for discretionary appeal. Accordingly, we lack jurisdiction to rule on this application, which is hereby DISMISSED.

Pursuant to Court of Appeals Rule 7 (e) (2), the Court is empowered "by majority vote to impose a penalty not to exceed $2,500 against any party . . . in any civil case in which there is . . . [an] application for discretionary appeal . . . that is determined to be frivolous." Because this application is frivolous, we hereby impose

a penalty of $2,500 against Odion. The trial court is ORDERED to enter a money judgment in favor of the defendants in this amount. See Court of Appeals Rule 7 (e) (3).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/10/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*